United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mario Del Valle and others, <br> Plaintiffs, <br><br> v. <br><br> Trivago GMBH and others, <br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 19-22619-Civ-Scola <br> ) <br> ) <br> ) |

## Order Granting Motion to Dismiss

This matter is before the Court on the joint motion to dismiss the third amended complaint filed by Defendants Booking.com B.V., Booking Holdings Inc. (collectively, the "Booking Defendants") and Expedia Group., Inc., Hotels.com L.P., Hotels.com GP, LLC, and Orbitz, LLC (collectively, the "Expedia Defendants," and with the Booking Defendants, the "Defendants"). (Mot. Dismiss, ECF No. 112.) Plaintiffs Mario Del Valle, Enrique Falla, and Angelo Pou filed a response to the motion. (Resp., ECF No. 113.) The Defendants filed a reply memorandum in support of their joint motion. (Reply, ECF No. 118.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendants' joint motion to dismiss. (**ECF No. 112**) and **dismisses** the third amended complaint for failure to state a claim upon which relief may be granted.

1. **Background**

The Plaintiffs Mario Del Valle, Enrique Falla, and Angelo Pou filed this action against the Defendants pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act (the "Helms-Burton Act" or the "Act"). (Third Am. Compl., ECF No 100.) The Act creates a private right of action against any person who "traffics" in confiscated Cuban property. *See* 22 U.S.C. § 6082(a)(1)(A). A purpose of the Helms-Burton Act is to "protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime." 22 U.S.C. § 6022(6).

Each of the Plaintiffs claim to be an heir to one of three beach-front properties in Cuba that were confiscated by the Cuban Government shortly after the revolution in 1959. (Third Am. Compl. ¶¶ 33-53.) After seizing the properties, the Cuban government demolished the beach houses on the Falla Property and the Del Valle Property, and established a hotel called the Starfish Cuatro Palmas on the land. (*Id.* ¶¶ 48-50.) The government established the Memories Jibacoa Resort on the Muniz Property. (*Id.* ¶¶ 51-53.) The Starfish Cuatro Palmas and the

Memories Jibacoa are offered as lodging to visitors, including visitors who are Florida and United States residents, through online booking providers like Expedia, Inc. and Booking.com. (*Id.*)

The Defendants have allegedly trafficked in the properties by renting hotel rooms to tourists and visitors from the United States and all over the world. (*Id.* ¶¶ 67-87.) On August 6, 2019, the Plaintiffs sent a notice to the Defendants informing the Defendants of their intent to commence a lawsuit unless the Defendants ceased trafficking on the Plaintiffs' properties. (*Id.* ¶ 62, Ex. J.) Despite notice of this potential suit, the Defendants continued trafficking on the Plaintiffs' properties until at least the time when this suit was filed. (*Id.* ¶¶ 63, 69, 79.)

Now, the Defendants jointly move to dismiss the third amended complaint under Federal Rule of Civil Procedure 12(b)(6). The Defendants argue that the Plaintiffs fail to plead sufficient facts to support ownership of valid claims under the Act and that Plaintiffs Falla and Pou are unable to bring claims under the Act because they acquired their alleged ownership interests after the Act's claims bar date. (Mot. Dismiss at 6-11). The Defendants also argue that the Plaintiffs have failed to plead sufficient facts supporting the Defendants' notice of the status of the Plaintiffs' properties and therefore fail to plead that the Defendants knowingly and intentionally trafficked in the properties. (*Id.* at 11-14.) The Defendants next argue that their conduct falls entirely within the Act's lawful travel exception. (*Id.* at 14-17.) The Defendants further assert that the Plaintiffs' properties cannot be considered confiscated properties under the terms of the Act. (*Id.* at 18-19.) Finally, the Defendants argue that the Plaintiffs' claims are inconsistent with the Act because they allege only domestic takings of Cuban nationals' property by the Castro regime. (*Id.* at 19-20.)

The Plaintiffs oppose each argument. They argue first in response that Plaintiffs Falla and Pou's claims should be equitably tolled so that they may be considered to have been acquired by the Act's claims bar date. (Resp. at 4-7.) Next, the Plaintiffs assert that their properties meet the Act's definition of confiscated property and that their claims are consistent with the Act because they are United States nationals now. (*Id.* at 8-10.) The Plaintiffs further assert that they have adequately alleged that the Defendants' trafficking was knowing and intentional because they provided the Defendants notice prior to this suit and the Defendants were otherwise aware of the confiscation. (*Id.* at 10-12.) Finally, the Plaintiffs argue that the Defendants' lawful travel argument is an affirmative defense that must be pleaded and proven by the Defendants, so it is not applicable here, on a motion to dismiss. (*Id.* at 12-20.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

The Court finds that Plaintiffs Falla and Pou cannot plead a claim for relief under the Helms Burton Act because they acquired claims after the Act's claims bar date, which acts as a total bar to recovery. Further, the Court finds that all three of the Plaintiffs fail to adequately plead that the Defendants knowingly and intentionally trafficked in the confiscated properties. Because these findings are sufficient to determine that the third amended complaint must be dismissed and therefore dispositive, the Court declines to address the remainder of the parties' arguments relating to the Act, its definitions, and application here.

### A. The Helms-Burton Act plainly bars relief for all claims acquired on or after March 12, 1996.

Plaintiffs Falla and Pou affirmatively plead that they inherited their interests in their families' confiscated Cuban properties in 2004 and 2014, respectively. (Third Am. Compl. ¶¶ 41, 45.) The Plaintiffs plead that the properties in question were confiscated by the Castro regime in the 1960s (Falla's family property) and in 1959 (Pou's). (*Id.* ¶¶ 48, 51.) As United States citizens, they now seek relief under the Helms-Burton Act based on these confiscations. (*Id.* ¶¶ 3-4, 41-42, 45-47.)[1]

The Helms-Burton Act, however, sets a clear deadline for when United States nationals may bring claims relating to the trafficking of their confiscated property: "In the case of property confiscated before March 12, 1996, a United States national may not bring an action under this section on a claim to the confiscated property unless such national acquires ownership of the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B). Plaintiffs Falla and Pou argue that they should be allowed to assert their claims because their families owned the claims prior to 1996, so they owned contingent interests in the claims, and because the Act's deadline should be equitably tolled due to presidential suspension of the Act's cause of action. (Resp. at 4-10.) These arguments are unavailing for several reasons.

First, and most importantly, the Eleventh Circuit has unequivocally held that courts "have no power to waive or extend [the Helms-Burton Act's claims] deadline." *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 930–31 (11th Cir. 2023); *see also Gonzalez v. Amazon.com, Inc.*, 835 F. App'x 1011, 1012 (11th Cir. 2021) ("The language that Congress used in this provision is clear and unambiguous. A U.S. national whose property was confiscated before March 12, 1996, cannot recover damages for another person's unlawful trafficking of that property unless "such national"—i.e., the specific person bringing suit—acquired the claim to the property before March 12, 1996. And because the statute's text is plain, we have no power to waive or extend this deadline.").

*Garcia-Bengochea's* plain and unequivocal language sits directly at odds with Falla and Pou's arguments. 57 F.4th at 930-31. The Court must follow the Eleventh Circuit's clear holding here. But, even if the Eleventh Circuit had not stated the case so plainly in *Garcia-Bengochea*, the Court would be compelled to find that Falla and Pou's arguments do not comport with the plain text of the statute.

---

[1] Plaintiff Del Valle pleads that he inherited his interest in his family's confiscated Cuban property in 1968. (*Id.* ¶ 36.) The Defendants do not dispute that his interests were acquired before the Act's claims bar date. The Court observes that Del Valle's allegations regarding his ownership are sufficient to state a claim for relief at this stage, despite the Defendants' arguments that they are not.

This Court has previously observed that Congress's plain words and stated legislative purpose behind the Helms-Burton Act's claims bar date would bar the recovery of any U.S. national who inherited a family member's claim on or after March 12, 1996:

> "In the case of property confiscated before March 12, 1996, a United States national may not bring an action under [the Act] … unless such national acquires ownership of the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B). In other words, **the United States citizen filing suit must already own the interest in the confiscated property on March 12, 1996 when the Act was passed**. Congress intended that this requirement prevent foreigners from "relocate[ing] to the United States for the purpose of using this remedy" and that it "eliminate any incentive that might otherwise exist to transfer claims to confiscated property to U.S. nationals in order to take advantage of the remedy created by [the Act]." Conference Report at H1660, 1996 WL 90487. Therefore, the Helms-Burton Act only applies to claim owners who are already United States citizens at the time the Act was passed on March 12, 1996. *Id.*

*Gonzalez v. Amazon.com, Inc.*, No. 19-23988-CIV, 2020 WL 2323032, at *2 (S.D. Fla. May 11, 2020) (Scola, J.) ("*Gonzalez II*") (emphasis added), *aff'd*, 835 F. App'x 1011 (11th Cir. 2021).

In *Gonzalez II,* this Court addressed a remarkably similar situation: a plaintiff who alleged that he acquired his Helms-Burton Act claim via family inheritance in 2016. *Id.* at *2. This Court dismissed his claim for failure to state a claim upon which relief could be granted, observing that "Congress did not intend for those who acquired an interest in confiscated property after 1996 to bring Helms-Burton Act claims if their property was confiscated before March 12, 1996." *Id.* Plaintiffs Falla and Pou establish no different circumstances here—the plaintiff in *Gonzalez II* certainly had the same interests prior to acquiring his inheritance that Falla and Pou had—and the same outcome is compelled by the Act's plain terms and Congress's stated purpose. *Id.*

Second, the Plaintiffs' equitable tolling argument fares no better. "The general test for equitable tolling requires the party seeking tolling to prove '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (quoting *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255, (2016)).

As an initial matter, the Court observes that the Eleventh Circuit's plain and unequivocal language in *Garcia-Bengochea* likely means that the Court may not apply the doctrine of equitable tolling here: "because the [Helms-Burton Act's

text is plain, we have **no power to waive or extend** this deadline." 57 F.4th at 931 (emphasis added).

But even if the Court could apply equitable tolling here, the Court finds no extraordinary circumstances that would support it. Eleventh Circuit precedent and the Helms-Burton Act's plain language both require that the Court dismiss Falla and Pou's claims as untimely under the Act. As the Eleventh Circuit observed in *Villareal*, "the '[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'" 839 F.3d at 971 (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). And "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* (cleaned up). That concern is equally applicable here. The Court has already reviewed above why Congress's stated purpose in the Helms-Burton Act would be frustrated by allowing claims acquired after the claims bar deadline to proceed. To ensure "evenhanded administration of the law" here, the Court must apply the plain language of the Helm Burton Act's claims bar deadline as written. *Id.* In doing so, the Court must then find that Plaintiffs Falla and Pou cannot state a claim upon which relief may be granted under the Helms-Burton Act.[2]

**B. None of the Plaintiffs pleads sufficient facts to support knowing and intentional trafficking of the confiscated Cuban properties by the Defendants.**

The Helms-Burton Act also requires that plaintiffs demonstrate that defendants "knowingly and intentionally trafficked" in confiscated property. 22 U.S.C. § 6023(13) ("a person 'traffics' in confiscated property if that person knowingly and intentionally . . . engages in a commercial activity using or otherwise benefiting from confiscated property."). This Court has previously observed that plaintiffs must therefore affirmatively plead that the defendants knowingly and intentionally trafficked in confiscated property, and that plaintiffs cannot rely on conclusory allegations or purely legal conclusions to meet that pleading requirement:

> As Representative Benjamin Gilman explained, 'the only companies that will run afoul of this new law are those that are knowingly and intentionally trafficking in the stolen property of U.S. citizens.' 142 Cong. Rec. H1724-04, at H1737 (Mar. 6, 1996). The Complaint offers only conclusory

---

[2] Further, the Court previously observed that any amendment of Pou's claim (and likely Falla's) would be futile for this very reason. (Order Granting Mot. Dismiss at 8 n.2, ECF No. 71 ("The Court also notes that it would be futile for Angelo Pou (and possibly for Enrique Falla) to amend their complaint because they do not appear to have actionable ownership interests.").

> allegations that the Defendants knowingly and intentionally trafficked in confiscated property. In paragraphs 18 and 19, Gonzalez alleges that the Defendants 'knowingly and intentionally commenced, conducted, and promoted the sale of marabu charcoal produced on the Subject Property' and that they 'knowingly and intentionally participated in and profited from the communist Cuban Government's possession of the Subject Property.' (ECF No. 1 at ¶¶ 18, 19.) These allegations are conclusory and, without any other allegations demonstrating the Defendants' knowledge, are legally insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (conclusory allegations cannot survive a motion to dismiss); *see also Ruiz v. Experian Information Solutions, Inc.*, 2017 WL 1378242, at *2 (S.D. Fla. Apr. 14, 2017) (Scola, J.) (conclusory allegation of knowledge is not sufficient to satisfy the scienter requirement). Moreover, Gonzalez's assertion that the charcoal advertisement on Amazon, which states that it is "Direct from Farmers in Cuba," demonstrates the Defendants' knowledge is mistaken. That the charcoal is produced by Cuban farmers does not demonstrate that the Defendants knew the property was confiscated by the Cuban government nor that it was owned by a United States citizen.

*Gonzalez v. Amazon.com, Inc.*, No. 19-23988-CIV, 2020 WL 1169125, at *2 (S.D. Fla. Mar. 11, 2020) (Scola, J.) ("*Gonzalez I*").

    The Plaintiffs argue that this scienter requirement is met for three reasons. None of those reasons is sufficient, however. Rather, the Plaintiffs only plead conclusory statements of knowledge and intent, and the factual support that they offer as an exhibit to their third amended complaint is not sufficient to have placed the Defendants on notice that the Plaintiffs actually owned the properties at issue here, or that those properties were wrongfully confiscated.

    First, the Plaintiffs argue that the third amended complaint's allegations are sufficient to establish scienter on their own. (Resp. at 10-11.) The Plaintiffs allege that the Expedia Defendants "knowingly and intentionally participated in trafficking the Trafficked Hotels, which had been confiscated by the Communist Cuban regime," (Third Am. Compl. ¶ 67), and that the Booking Defendants "knowingly and intentionally participated in trafficking the Plaintiff Heirs' properties, which had been confiscated by the Cuban government." (*Id.* ¶ 77.) The Plaintiffs plead no other facts supporting the Defendants' scienter prior to August 6, 2019. (*Id.* ¶ 62.) In light of this Court's determination in *Gonzalez I*, these conclusory allegations are clearly insufficient to support the Act's scienter requirement. 2020 WL 1169125, at *2.

    Second, the Plaintiffs argue that a letter sent by their counsel to the Defendant on August 6, 2019, gave the Defendants "actual notice of the [P]laintiffs' claim to the Trafficked Hotels." (Third Am. Compl. ¶ 62, Ex. J.) The

letter, attached as an exhibit to the third amended complaint, reads in relevant part as follows:

> Mr. Del Valle, the rightful owner of property located in Varadero, intends to sue BHI because it has trafficked in the property, as those terms are defined in 22 U.S.C. § 6023, confiscated by the Cuban government from the Del Valle family. Mr. Echevarria and the Echevarria family, the rightful owners of Cayo Coco, Cuba, intend to sue BHI because it has trafficked in property, as those terms are defined in 22 U.S.C. § 6023, confiscated by the Cuban government from the Echevarria family. Finally, Mr. Falla, the rightful owner of property located in Varadero, intends to sue BHI because it has trafficked in the property, as those terms are defined in 22 U.S.C. § 6023, confiscated by the Cuban government from the Falla family.

(*Id.* Ex. J.) Crucially, the letter never defines or describes any of the properties that the Plaintiffs allegedly own claims to in Cuba. (*Id.*) The letter never even identifies that the properties the Plaintiffs purport to own claims to are being used as hotels in Cuba or that the Plaintiffs believed the Defendants to be offering rentals of hotel rooms at those properties. (*Id.*)

In other words, short of conducting an exhaustive investigation of all of the properties in Varadero and Cayo Coco, the Defendants had no way of knowing what properties the Plaintiffs were even referring to in this letter. *See Gonzalez I*, 2020 WL 1169125, at *2 ("Moreover, Gonzalez's assertion that the charcoal advertisement on Amazon, which states that it is 'Direct from Farmers in Cuba,' demonstrates the Defendants' knowledge is mistaken. That the charcoal is produced by Cuban farmers does not demonstrate that the Defendants knew the property was confiscated by the Cuban government nor that it was owned by a United States citizen."). Therefore, the Plaintiffs fail to establish that the August 6, 2019, letter could have adequately put the Defendants on notice of the properties' status.

Third, and finally, the Plaintiffs argue that "President Clinton's 1996 Signing Statement put the Traffickers on express notice that they faced 'the prospect of lawsuits and significant liability' for trafficking, which would be '*established irreversibly* during the suspension period'" of the Helms-Burton Act. (Resp. at 11.) This argument is meritless. It is so generally applicable that it is generally unhelpful and meaningless. Clearly, in some general sense, any company that does business in Cuba is on some general form of notice that the property involved in that business may have been confiscated, both by the Act itself and by the very nature of Cuba's communist regime.

This is not what the Act itself requires to prove a claim, however. Rather, as this Court observed in *Gonzalez I*, the Act requires factual pleadings supporting

allegations that the Defendants "knowingly and intentionally trafficking in the stolen property of U.S. citizens." 2020 WL 1169125, at *2 (citing 142 Cong. Rec. H1724-04, at H1737 (Mar. 6, 1996)). General knowledge that property in Cuba may have been confiscated, expropriated, or stolen by the Castro regime is not sufficient.

Because all three of the Plaintiffs fail to plead sufficient facts demonstrating the Defendants' knowing and intentional trafficking in confiscated property, the Court must dismiss the third amended complaint for failure to state a claim upon which relief may be granted.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendants' joint motion to dismiss the complaint (**ECF No. 112**) and **dismisses** the third amended complaint, **with prejudice**. (**ECF No. 100**.) The Plaintiffs have had multiple opportunities to plead valid claims and knowing and intentional trafficking by the Defendants, but they have failed to do so. Further, the Plaintiffs have not requested leave to amend; nor have they indicated in their response to the Defendants' motion any inclination whatsoever to do so. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.")

The Court will separately enter judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on August 9, 2023.

_____
Robert N. Scola, Jr.
United States District Judge